IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHANA CIVIL MECHANICAL, CONTRACTORS, LTD., | § § § | |
| Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. H-05-3214 |
| UNITED CRANE SALES & LEASING, INC., *et al.*, | § § § | |
| Defendants. | § § § | |

**MEMORANDUM AND ORDER**

Defendant, the CIT Group/Equipment Financing, Inc., has moved to dismiss or for a more definite statement.  Plaintiff Ashana Civil Mechanical Contractors Ltd. has filed a reply, to which defendant has responded.  (Docket Entry Nos. 5, 7, 8).  Based on the pleadings, the motion, reply, and response, and the applicable law, this court grants the motion to dismiss the fraud and Deceptive Trade Practices Act violation claims, with leave to amend.  Plaintiff must replead by filing an amended complaint that pleads these claims with greater detail by January 23, 2006.  The reasons are explained below.

**I.    Background**

Plaintiff's allegations of facts are sparse.  In paragraph 11 of the complaint, plaintiff alleges that "[o]n February 25, 2005, Mr. Phillip Whiteman, the Managing Director of Ashana spoke with Mr. Earnest Smith, Jr., the vice president of CIT for the purchase of a .

. . Crane that Mr. Whiteman saw at CIT's lot.  Mr. Earnest Smith told Mr. Whiteman to contact Mr. Brian Boyd at United for the sale of the Crane."  In paragraph 12, plaintiff alleges that Whiteman contacted United and contracted to purchase the Crane, made a downpayment, but has never received the crane nor the return of the downpayment. According to plaintiff, "CIT later informed Ashana that United did not have the rights to sell the Crane, even though CIT had referred Ashana to United for the sale."  Plaintiff alleges breach of the contract to sell the crane, violations of the Texas Deceptive Trade Practices Act based on intentional misrepresentations that "United was affiliated with CIT" and that "United had the rights to sell the crane plaintiff was purchasing," and fraud.

CIT moves to dismiss the fraud and DTPA allegations under Rules 9 and 12(b)(6) and alternatively for a more definite statement under Rule 12(e).

## II.      The Legal Standards

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Courts must accept a plaintiff's factual allegations as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).  Dismissal is proper, however, "if the complaint lacks an allegation regarding a required element necessary to obtain relief," *Apani Sw., Inc. v. Coca-Cola Enterprises, Inc*., 300 F.3d 620, 624 (5th Cir. 2002) (quotations and citations omitted), or if it otherwise fails to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which

it rests. *Conley*, 355 U.S. at 47.

Rule 9(b) of the Federal Rules of Civil Procedure states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

"At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).  The plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.  "Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

Under Texas law, fraud requires "a material representation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (quotations and citations omitted).  A promise to do something in the future constitutes fraud only if the promise is made with no intention of performing it. *Id.* at 48.  A "mere failure to perform a contract is not evidence of fraud." *Id.* In order to plead fraud with particularity in the Fifth Circuit, a plaintiff must specify the time,

  
place, and contents of false representations, as well as the identity of the person making the misrepresentation and why it is a misrepresentation. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.1997). Failure to comply with this requirement leads to dismissal for failure to state a claim upon which relief can be granted. *See Lovelace v. Software Spectrum, Inc*., 78 F.3d 1015, 1017 (5th Cir.1996).

The heightened pleading requirements of Rule 9(b) apply to plaintiff's Texas Deceptive Trade Practices Act claim; the complaint is clear that plaintiff alleges intentional as opposed negligent misrepresentation under that Act. *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719 (5th Cir.), *modified on denial of rehearing*, 355 F.3d 356 (2003); *Williams v. WMX Techs., Inc*., 112 F.3d 175, 177 (5th Cir.1997); *Frith v. Guardian Life Insurance Co.*, 9 F. Supp.2d 734, 742 (S.D.Tex.1998); *Daldav Associates v. Lebor,* 2004 WL 728367 (N.D. Tex.2004).

## III.    Analysis

Plaintiff has alleged that on February 25, 2005, Earnest Smith, vice president of CIT, told Phillip Whiteman, managing director of Ashana, to contact Brian Boyd at United about the sale of a particular crane.  Although the complaint alleges the date, place, identity of the speaker, and content of one statement, it does not allege why that statement is fraudulent. Plaintiff asserts that although United entered into a contract to sell plaintiff the crane, United did not have the right to sell that crane.  The complaint does not allege any statement about United's relationship with CIT, United's authority to sell the crane, or United's rights in the crane.  The complaint is deficient under Rules 9(b) and 12(b)(6) because it does not allege

any statement that was false and does not allege why the statement that Whiteman should contact Boyd at United to sell the crane was fraudulent.  The use of collective terms is disfavored in fraud claims, *see, e.g.*, *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994), and there is no basis identified to make it appropriate in this case.  *See, e.g.*, *Zuckerman v. Foxmeyer Health Corp.*, 4 F. Supp. 2d 618, 626 & n.4 (N.D. Tex. 1998) (denying a motion to dismiss a securities fraud pleading partially because the plaintiffs "clearly name each individual defendant whom they allege had a hand in the misrepresentation" but also clarifying that the plaintiffs' reliance on group pleading as to some of the alleged statements did not invalidate the claims "under the theory that high-level corporate officers, as Defendants all are, may be responsible for the statements issued by their company to the public").

## IV.    Conclusion

The motion to dismiss is granted, but without prejudice and with leave to amend. Plaintiff may replead to address the deficiencies no later than January 23, 2006.

SIGNED on December 29, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge